# Exhibit A

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>SPI ENERGY CO., LTD.,[1]<br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No.: 26-10536 |

**ORDER GRANTING RECOGNITION OF CAYMAN PROCEEDING**
**AS FOREIGN MAIN PROCEEDING PURSUANT TO SECTION 1517**
**OF THE BANKRUPTCY CODE AND GRANTING RELATED RELIEF**

Upon consideration of the *Official Form Petition* [D.I. 1] (the "Form Petition"), and the

*Petitioners' Motion for (I) Recognition of Foreign Main Proceeding and (II) Related Relief* [D.I.

2] (the "Motion" and together with the Form Petition, the "Chapter 15 Petition"),[2]  each filed on

April 17, 2026 on behalf of Graham Robinson and James Parkinson (the "Petitioners" or "Foreign

Representatives"), the Joint Official Liquidators of SPI Energy Co., Ltd. ("SPI Energy" or the

"Debtor") in insolvency proceedings pending before the Grand Court of Cayman Islands, Financial

Services Division, in the Cayman Islands (the "Cayman Proceeding"); and upon the *Declaration*

*of Graham Robinson, One of the Joint Official Liquidators, in Support of Debtor's Chapter 15*

*Petition for Entry of Order Recognizing Foreign Main Proceeding and Granting Additional Relief*

[D.I. ___] and the *Declaration of Ian Lambert in Support of Debtor's Chapter 15 Petition for Entry*

*of Order Recognizing Foreign Main Proceeding and Granting Related Relief* [D.I. ___]; and upon

the hearing on the Chapter 15 Petition held on [May ___ ], 2026 (the "Recognition Hearing"); and

---

[1] The Debtor in this chapter 15 case, along with the last four digits of the Debtor's Cayman Islands Registration Number, is: SPI Energy Co., Ltd. (in Official Liquidation) (9333). The location of the Debtor's service address for the purpose of this chapter 15 case is c/o Crowe Cayman Ltd., 94 Solaris Avenue, PO Box 30851, Camana Bay, Grand Cayman KY1-1204 Cayman Islands.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1

it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue is proper before this Court pursuant to 28 U.S.C. § 1410(1) and (2); and no objections to the relief sought in the Chapter 15 Petition having been served or filed thereto or any such objections having been withdrawn or overruled; and it appearing that timely notice of the filing of the Chapter 15 Petition and the Recognition Hearing has been given, and that no other or further notice need be provided; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefore,

**IT IS HEREBY FOUND AND DETERMINED THAT**:[3]

1.   The chapter 15 case was properly commenced in accordance with the requirements of sections 1504 and 1515 of the Bankruptcy Code and Bankruptcy Rule 1007(a)(4).

2.   This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012.  The consideration of the Chapter 15 Petition and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

3.   Venue of this case is proper in the District of Delaware pursuant to 28 U.S.C. § 1410(1) and the Debtor is eligible to be a debtor in a chapter 15 case pursuant to sections 109 and 1501 of the Bankruptcy Code because the Debtor has assets in the United States that are located within this District.

---

[3] The findings and conclusions set forth herein and in the record of the Recognition Hearing constitute this Court's findings of facts and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). To the extent any of the findings of fact herein constitute conclusions of law, they are adopted as such. To the extent any of the conclusions of law herein constitute findings of fact, they are adopted as such.

4896-6516-5473, v. 1

4.   Good, sufficient, appropriate, and timely notice of the filing of the Chapter 15 Petition and the Recognition Hearing has been given by the Petitioners pursuant to Bankruptcy Rules 1101(b) and 2002(q), and no other or further notice need be given.

5.   The Cayman Proceeding is pending in the Cayman Islands, which is the country where the Debtor has the center of its main interests and, therefore, the Cayman Proceeding is a "foreign main proceeding" within the meaning of sections 101(23), 1502(4) and 1517(b)(1) of the Bankruptcy Code.

6.   Each of the Petitioners is a "person" as such term is defined in section 101(41) of the Bankruptcy Code, and the Petitioners are the duly appointed "foreign representatives" of the Debtor as such term is defined in section 101(24) of the Bankruptcy Code.

7.   The Cayman Proceeding is entitled to recognition by the Court pursuant to section 1517(a) of the Bankruptcy Code.

8.   The Petitioners are entitled to all of the relief set forth in section 1520 of the Bankruptcy Code.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

A.   The Chapter 15 Petition and the Requested Relief therein are **GRANTED**.

B.   The Cayman Proceeding is granted recognition as a foreign main proceeding pursuant to sections 1517(a) and (b)(1) of the Bankruptcy Code.

C.   The Debtor and the Foreign Representatives are granted all of the relief set forth in section 1520 of the Bankruptcy Code including, without limitation, the application of the protection afforded by the automatic stay under section 362(a) of the Bankruptcy Code.

4896-6516-5473, v. 1

D.      The Foreign Representatives are entrusted with administration of any and all of the Debtor's assets within the territorial jurisdiction of the United States and authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

E.      No action taken by the Foreign Representatives in preparing, disseminating, filing, serving, implementing or otherwise acting in furtherance of the Cayman Proceeding, this Order, the chapter 15 case, or any further order for additional relief in this chapter 15 case, or any adversary proceedings or contested matters in connection therewith, will be deemed to constitute a waiver of any immunity afforded the Foreign Representatives, including without limitation, pursuant to section 1510 of the Bankruptcy Code.

F.      The Foreign Representatives shall provide service and notice of this Order upon (i) the Debtor, (ii) all parties to litigation pending in the United States, and (iii) The Office of the United States Trustee for the District of Delaware, by United States mail postage prepaid (or equivalent service), electronic mail (if known) and for Cayman Islands registered companies, by hand delivery to such parties' headquarters and registered offices, which service and notice shall constitute adequate and sufficient service and notice of this Order.

G.      Notwithstanding any provision in the Bankruptcy Code or the Bankruptcy Rules to the contrary, including, but not limited to Bankruptcy Rules 1018, 3020(e), 6004(h), 7062 and 9014, (a) this Order shall be effective immediately and enforceable upon its entry, (b) the Foreign Representatives are not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order and (c) this Order shall constitute a final order within the meaning of 28 U.S.C. § 158(a).

H.      This Court shall retain jurisdiction with respect to the enforcement, amendment, or modification of this Order, any requests for additional relief or any adversary proceeding brought

4

in and through the chapter 15 case, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

4896-6516-5473, v. 1