**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 15 |
| SPI Energy Co., Ltd., | Case No. 26-10536 |
| Debtor in a foreign proceeding.[1] |  |

**MOTION FOR ENTRY OF ORDER SCHEDULING HEARING
AND SPECIFYING FORM AND MANNER OF SERVICE OF NOTICE
PURSUANT TO SECTIONS 1515 AND 105(a) OF THE
BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND 9007**

Graham Robinson and James Parkinson (collectively, the "Petitioners"), in their capacity as Joint Official Liquidators of SPI Energy Co., Ltd. (In Official Liquidation) ("SPI Energy" or the "Debtor"), in an insolvency proceeding pending before the Grand Court of Cayman Islands, Financial Services Division (the "Cayman Court") in the Cayman Islands (the "Cayman Proceeding"), by and through their undersigned counsel, respectfully submit this motion (the "Scheduling and Notice Motion") seeking entry of an order substantially in the form attached hereto as **Exhibit A** (the "Proposed Order") scheduling a hearing and establishing the related form and manner of notice with respect to the *Petitioners' Motion for (I) Recognition of Foreign Main Proceeding and (II) Related Relief* [D.I. 4] (the "Motion" and, collectively with the Scheduling and Notice Motion, the "Motions"), filed contemporaneously herewith, and, more specifically, setting a hearing on the relief sought in the Motion (the "Hearing") on May 18, 2026 or a date thereafter that the Court's schedule will allow.  In support of the relief requested herein, the Petitioners respectfully state as follows:

---

[1] The Debtor in this chapter 15 case, along with the last four digits of the Debtor's Cayman Islands Registration Number, is: SPI Energy Co., Ltd. (in Official Liquidation) (9333). The location of the Debtor's service address for the purpose of this chapter 15 case is c/o Crowe Cayman Ltd., 94 Solaris Avenue, PO Box 30851, Camana Bay, Grand Cayman KY1-1204 Cayman Islands.

4897-9810-3458, v. 1

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware,* dated as of February 29, 2012.  This case has been properly commenced pursuant to 11 U.S.C. § 1504 by the Petitioners filing of a verified petition for recognition of the Cayman Proceeding (the "Petition") pursuant to 11 U.S.C. § 1515 of title 11 of the United States Code (the "Bankruptcy Code").

2.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P), and pursuant to Rule 9013-1(f) of the *Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District* of *Delaware* (the "Local Rules"), the Petitioners consent to the entry of a final order by the Court in connection with this Scheduling and Notice Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3.      Venue is proper before this Court pursuant to 28 U.S.C. § 1410.

**RELIEF REQUESTED**

4.      The Petitioners respectfully request that this Court enter an Order, substantially in the form of the Proposed Order:

(i)      scheduling the Hearing on the Motion; and

(ii)     pursuant to sections 1515 and 105(a) of the Bankruptcy Code and Rules 2002 and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (a) approving the proposed notice, annexed to the proposed Order as Exhibit 1 (the "Hearing Notice"), of (i) the filing of the Petition and certain related pleadings, including the Motion, (ii) the

2

deadline to object to the Petition and the Court's entry of an order (the "Order") granting the relief sought in the Motion (the "Recognition Objection Deadline"), and (iii) the Hearing for the Court to consider the Petition and the relief sought in the Motion; (b) approving the manner of service of the Hearing Notice; (c) approving the manner of service on the Notice Parties (as defined below) of any pleadings that the Petitioners file in this chapter 15 case; and (d) granting certain related relief.

5.    The relevant factual background with respect to the requested relief is set forth in greater detail in the Chapter 15 Petition, the Motion, the *Declaration of Graham Robinson, One of the Joint Official Liquidators, in Support of Debtor's Chapter 15 Petition for Entry of Order Recognizing Foreign Main Proceeding and Granting Additional Relief* (the "Petitioners' Declaration") [D.I. 5] and the *Declaration of Ian Lambert in Support of Debtor's Chapter 15 Petition For Entry of Order Recognizing Foreign Main Proceeding and Granting Additional Relief* (the "Cayman Declaration") [D.I. 6].

### NOTICE FOR HEARING ON MOTION

6.    Pursuant to Bankruptcy Rule 2002(q), the Petitioners propose to serve the Hearing Notice, the Motion (including the proposed Order), the Petitioners' Declaration, and the Cayman Declaration by U.S. mail, first class postage prepaid and by email if the email addresses are known to the Petitioners within five (5) business days of the entry of this Order, on the following parties, or their counsel, if known (collectively, the "Notice Parties"):  (i) the Debtor; (ii) all persons or bodies authorized to administer foreign proceedings of the Debtor; (iii) all parties to litigation pending in the U.S. to which the Debtor is a party at the time of the filing of the Petition; (iv) all known creditors of the Debtor in the United States; (v) all creditors that have filed a proof of debt

in the Cayman Proceedings[2]; (vi) the Office of the United States Trustee for the District of Delaware; (vii) the Securities and Exchange Commission; (viii) the U.S. Attorneys' Office; and (ix) any party that has requested notice pursuant to Bankruptcy Rule 2002.[3]

7.      The Hearing Notice will:  (a) notify the Notice Parties of the filing of the Petition and certain related pleadings pursuant to chapter 15 of the Bankruptcy Code; and (b) set forth the Recognition Objection Deadline and the date and time of the Hearing.

## NOTICE OF APPEARANCE

8.      In the event any party files a notice of appearance in this chapter 15 case subsequent to the Petitioners' initial service of the Hearing Notice as provided for above, but prior to the Hearing, the Petitioners will serve the Hearing Notice on such party within five (5) business days of the filing of such notice of appearance to the extent the Petitioners have not already done so.

## RELIEF REQUESTED SHOULD BE GRANTED

9.      Bankruptcy Rule 2002(m) provides that "the court may from time to time enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent except as otherwise provided by [the Bankruptcy Rules]." Fed. R. Bankr. P. 2002(m).

10.     Bankruptcy Rule 9007 provides that "[w]hen notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given." FED. R. BANKR. P. 9007.

---

[2] Nothing contained herein shall be deemed an admission or acknowledgement by the Petitioners (or Joint Official Liquidators of the Debtor) of the validity of any claim asserted by a party in a proof of debt filed in the Cayman Proceeding, and all rights are fully reserved and nothing is waived.  Notice is hereby provided based solely upon the filing of the proof of debt and nothing more.

[3] A copy of the Hearing Notice in substantially final form is attached as Exhibit 1 to the Proposed Order, Exhibit A hereto.

4897-9810-3458, v. 1

11.     Under the facts and circumstances of the Debtor's chapter 15 case, the Petitioners submit that service of the Hearing Notice in the manner proposed herein will provide the Notice Parties with due and sufficient notice of the relief requested in the Motion and associated objection deadline and hearing dates. The Notice Parties will include all parties contained on the list compiled by the Petitioners in accordance with and pursuant to Bankruptcy Rule 1007(a)(4), which list shall be filed with the Court.

12.     Service by the Petitioners of all pleadings that they file in this chapter 15 case by U.S. mail, first class postage prepaid, and by electronic mail if the email addresses are known by the Petitioners, on the Notice Parties is an efficient and effective way to provide notice to such key parties in this case.  At the same time, it will not overburden the Petitioners with the significant costs associated with copying and mailing all the various documents filed in this case to the entire matrix of putative creditors and other parties.

13.     Accordingly, the Petitioners request that the Court declare that service to the Notice Parties of the Hearing Notice, the Motion (including the proposed Order), the Petitioners' Declaration, and the Cayman Declaration, is due and sufficient notice and constitutes adequate service on all interested parties of the filing of the Petition, the Motion, and the proposed Order.

14.     Bankruptcy Rule 1012(b) provides, among other things, that a party objecting to a petition for recognition of a foreign proceeding under chapter 15 of the Bankruptcy Code has until 7 days before the recognition hearing to respond thereto. FED. R. BANKR. P. 1012(b).  The Petitioners submit that such deadline will be honored in the relief sought in the Motion.

15.     Finally, section 1514 of the Bankruptcy Code contains certain provisions regarding notification to foreign creditors.  It is not clear, however, that section 1514 of the Bankruptcy Code has any application in the context of an ancillary case under chapter 15 of the Bankruptcy Code.

5

According to Collier, section 1514 of the Bankruptcy Code is the "last in a series of sections dealing with the international aspects of cases under chapters other than chapter 15." 8 COLLIER ON BANKRUPTCY ¶ 1514.01 (Alan N. Resnick, *et al.*, 16th ed. rev. 2009). Indeed, the requirements for notification set forth in section 1514 are at variance with those requirements set forth under Bankruptcy Rule 2002(q) which clearly apply to a case under chapter 15 and with which the Petitioners shall comply. For these reasons, the Petitioners do not believe that the requirements set forth in section 1514 apply to this case; however, out of an abundance of caution, the Petitioners respectfully request that, to the extent applicable, the notice requirements of section 1514 of the Bankruptcy Code be waived in this chapter 15 case.

16. The Court has granted requests for similar relief under section 1514(c) in other chapter 15 cases. *See e.g., In re 3MotionAI Inc.,* Case No. 25-11864 (CTG) (Bankr. D. Del. Oct. 29, 2025) [Docket No. 27] (order stating that all notice requirements specified in section 1514 of the Bankruptcy Code are waived or deemed inapplicable to the chapter 15 case); *In re Energy Coal S.P.A.*, Case No. 15-12048 (LSS) (Bankr. D. Del. Oct. 8, 2015) [Docket No. 25] (order stating that all notice requirements specified in section 1514(c) are waived or otherwise deemed inapplicable to the chapter 15 cases); *In re Zodiac Pool Solutions SAS*, Case No. 14-11818 (KJC) (Bankr. D. Del. Aug. 1, 2014) [Docket No. 19] (order stating that all notice requirements specified in section 1514(c) of the Bankruptcy Code are waived); *In re Essar Steel Algoma Inc.*, Case No. 14-11730 (BLS) (Bankr. D. Del. July 17, 2014) [Docket No. 30] (order stating that all notice requirements specified in section 1514(c) are waived or otherwise deemed inapplicable to the chapter 15 cases).

17. To the extent that there are orders issued by the Cayman Court concerning claims procedures in the Cayman Proceeding, the Petitioners will comply with any relevant orders issued

4897-9810-3458, v. 1

by the Cayman Court with respect to providing notice to the Notice Parties of any applicable deadlines or procedures for the filing of claims.

## NOTICE

18.     Notice of this Motion shall be given to the Notice Parties by United States first class mail, postage prepaid, and by electronic mail if email addresses are known to the Petitioners.  In light of the nature of the relief requested, the Petitioners submit that no further notice is required.

## NO PRIOR REQUEST

19.     No previous request for the relief sought herein has been made to this or any other court.

20.     The Office of the United States Trustee for the District of Delaware reviewed this Scheduling and Notice Motion, the Proposed Order and the proposed Hearing Notice, provided comments thereto which have been incorporated herein, and consented to the relief requested in this Scheduling and Notice Motion.

WHEREFORE, the Petitioners respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: April 17, 2026
      Wilmington, Delaware

**THE ROSNER LAW GROUP LLC**

By:  /s/ *Zhao Liu*
Frederick B. Rosner (DE #3995)
Zhao (Ruby) Liu (DE #6436)
824 North Market Street, Suite 810
Wilmington, DE 19801
Telephone:  (302) 777-1111
rosner@teamrosner.com
liu@teamrosner.com

-and-

7

**KLESTADT WINTERS JURELLER SOUTHARD & STEVENS LLP**

John E. Jureller, Jr., Esq.
(*pro hac vice* forthcoming)
Brendan M. Scott, Esq.
(*pro hac vice* forthcoming)
Lauren C. Kiss, Esq.
(*pro hac vice* forthcoming)
200 West 41st Street, 17th Floor
New York, NY 10036
Telephone: (212) 972-3000
JJureller@Klestadt.com
BScott@Klestadt.com
LKiss@Klestadt.com

*Attorneys for the Petitioners*

8